FILED
2009 Jan-28 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Judy Lindley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-0622-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

The plaintiff, Judy Lindley, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable

2

by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In the instant case, the ALJ, Patrick R. Digby, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The

3

ALJ found the plaintiff was able to perform her past relevant work, and accordingly found her not disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical

4

evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

In the present case the plaintiff alleges she is disabled primarily due to back and neck pain.  At ALJ hearing she testified that she had herniated discs in her neck and that her left shoulder feels "like somebody just sticks a knife in it when it starts hurting." Record 29.  She testified that it hurts every day.  Record 29.  She testified that due to all of the physical problems she had her pain was anywhere from eight to ten, on a scale of one to ten.  Record 32.  She testified that

at times the pain was so severe she went to the emergency room and that she often had to ask her doctor for more pain medicines. Record 33. She was asked whether there were times when the pain was so severe that she overused her pain medications, and she responded yes. Record 33.

An x-ray of the cervical spine dated February 18, 2006, showed "some degenerative changes with disc space narrowing and anterior osteophyte formation C6-7." Record 131. The Commissioner's consultative examiner, Dr. Gill, diagnosed the plaintiff with chronic low back pain, chronic neck pain, and degenerative disc disease seen on x-ray at C6-7. Record 192. Consistent with these medical findings, the ALJ determined the plaintiff's impairments could reasonably be expected to produce her alleged symptoms. Record 60. Therefore, she met the Eleventh Circuit pain standard.

The ALJ's articulated reasons for finding the plaintiff's pain testimony not credible are not supported by substantial evidence. From January 10, 2003, through August 8, 2006, the plaintiff's treating physician, Dr. Bacon, prescribed 6,980 Ultram and 3,840 Lortab tablets.[1] Clearly no physician would

---

[1] Although the Commissioner argues in brief that Dr. Bacon "frequently denied Plaintiff's request for additional medication," (Def's. br. at 6) the ALJ did not rely on Dr. Bacon's denial of medication in his decision. A review of the record shows that the plaintiff was denied refills by Dr. Bacon on numerous occasions, most frequently because she requested them too soon. At the hearing the plaintiff testified that she often requested refills and sometimes overused pain medication because of her severe pain. There is no
(continued...)

6

prescribe strong narcotic pain medication continuously for such a long period of time unless he believed the patient was suffering from intractable pain.  This constitutes a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations.  See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").  The ALJ did not address Dr. Bacon's treatment notes or the large amount narcotic pain medicine he prescribed.  His decision, therefore, ignored the most persuasive evidence supporting the plaintiff's allegations of disabling pain.

In light of Dr. Bacon's continuous prescription of narcotic pain medication, and the plaintiff's continuous attempts to seek relief for her pain, it was unreasonable for the ALJ to discredit her pain testimony for the reasons articulated in his decision.  Accordingly, substantial evidence does not support the

---

[1] (...continued)
indication the ALJ believed Dr. Bacon over prescribed pain medications.  Nor is there any indication the ALJ believed the plaintiff abused pain medications or diverted them to others.

ALJ's decision not to credit the plaintiff's testimony of disabling pain, and it must be accepted as true under the law of this circuit.

The vocational expert was asked whether the plaintiff would be able to work if her pain severity was at least a seven and was almost constant. (This was consistent with the plaintiff's testimony.) The VE testified that if that were the case, the plaintiff would not be able to perform any work. Record 49. Therefore, the plaintiff is disabled within the meaning of the Social Security act.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 28 January 2009.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.